IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHESTER L. GUNTER, JR.**　　　　　　　　　　　Case No. 2:14-cv-00115-KI

　　　　　Petitioner,　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

**STEVEN FRANKE**, Superintendent Two
Rivers Correctional Institution,

　　　　　Respondent.

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

　　Attorney for Petitioner

ANDREW D. HALLMAN
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

　　Attorney for Respondent

KING, Judge

Petitioner Chester L. Gunter, Jr., an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner contends that trial counsel rendered ineffective assistance by failing to move to sever certain charges in the indictment and by failing to secure an expert witness to challenge the state's DNA and forensic evidence. For the reasons set forth below, the petition is denied.

**BACKGROUND**

On January 31, 2002, petitioner was indicted on two counts of Second Degree Robbery, and one count each of Rape in the First Degree, Sodomy in the First Degree, Unlawful Sexual Penetration in the First Degree, and Kidnapping in the First Degree. At trial, the following facts were established.

On December 30, 2001, at 6:30 a.m., petitioner entered a Starbucks pretending to have a gun and demanding money from two employees, "TS" and "EH." Tr. State Ct. Proceedings 26, 53-54, ECF Nos. 21 & 22. Petitioner screamed at the employees, "Don't look at me, don't look at me. I have a gun, I'll blow your . . . head off." Petitioner had his hand in the pocket of his jacket to look like he was holding a gun. TS replied, "Whatever you need." Tr. 26.

Petitioner forced EH into a corner and told her to count to 100. Tr. 28, 52. Petitioner forced TS to accompany him to his truck, told her to crawl into the passenger side with her head down, and drove away. Tr. 29. Eventually, petitioner parked his truck on the side of the road. Petitioner informed TS that he was going to let her go, but first he was going to have sex with her. Tr. 31. TS pleaded for him not to rape her. Petitioner instructed TS to take her pants down, and when TS hesitated, he threatened her. Tr. 31-32. TS complied. Petitioner proceeded to anally sodomize,

digitally penetrate, and rape TS. Tr. 33. Petitioner then instructed TS to get her pants up, get out of the truck, and wait between two parked trucks until he left. Tr. 34.

When confident petitioner was gone, TS ran to a nearby residence and called 9-1-1. Tr. 35. The police took TS to a hospital where a sexual assault examination was performed and semen was collected from TS's vagina and rectum. Tr. 35-36, 88, 90. At trial, the state's DNA expert, Donna Scarpone, testified that the DNA samples collected from the sexual assault examination of TS matched petitioner's DNA. Tr. 375-77.

At trial, both TS and EH identified petitioner as the assailant. Tr. 35, 54-55. The two victims also identified petitioner by photograph, and TS identified a tape recording of petitioner's voice. Tr. 38-39, 57. A Bank of America surveillance video placed petitioner's truck in the shopping center parking lot where the Starbucks is located at 5:46 a.m. Tr. 287. Petitioner also was identified by a Safeway employee who had spoken with petitioner around 4 a.m. on the morning of the robbery. Tr. 108-110.

Following the robbery, petitioner attempted to sell his truck. The person to whom petitioner attempted to sell the truck testified at trial that he recognized a description of the truck as wanted in the newspaper. Tr. 148-49. The person testified that he contacted law enforcement and this information led to petitioner's arrest. After obtaining a warrant to search the truck, the police found items described by TS inside the cab, including a dead rose on the floorboard. Tr. 187, 207. The Safeway employee also positively identified petitioner's truck. Tr. 230-31.

Petitioner testified at trial and denied committing the crimes. Tr. 469. Petitioner acknowledged that he was not truthful with police in his initial interview, and admitted being near the shopping center on the morning of the crimes, but not at the time of the crimes. Tr. 472-73.

3 - OPINION AND ORDER

Petitioner maintained that an unidentified cyclist may have used his truck to commit the crimes. Tr. 464-65, 477-78. Petitioner attributed his DNA match to having masturbated into a sock in the truck, yet he was unable to explain how that seminal fluid could have arrived in TS. Tr. 461-62, 476.

Petitioner was convicted on all counts by a unanimous jury. Petitioner received consecutive sentences and an upward departure term for a total of 620 months.

Petitioner directly appealed his conviction and sentence. The Oregon Court of Appeals affirmed his convictions, but found that the trial court committed "plain error" when it imposed an upward departure sentence based on facts not found by the jury. State v. Gunter (Gunter I), 121 P.3d 16, 17 (Or. App. 2005); see also Blakely v. Washington, 542 U.S. 296, 303 (2004); Resp. Ex. to Answer 110, ECF. No. 20. On review, the Oregon Supreme Court vacated the lower court decision, and remanded for reconsideration. State v. Gunter, 195 P.3d 63 (Or. 2008); Resp. Ex. 113. On remand, the Oregon Court of Appeals affirmed the departure sentences because there was "no legitimate debate" that had the jury been asked to find the factual predicates for imposing the upward departure, it would have done so. State v. Gunter (Gunter II), 205 P.3d 84, 86 (Or. App. 2009); Resp. Ex. 117. On reconsideration, the Court of Appeals summarily rejected petitioner's other claims that it had not previously discussed. State v. Gunter (Gunter III), 215 P.3d 875 (Or. App. 2009). The Oregon Supreme Court denied petitioner's petition for review and the appellate judgment issued on February 16, 2010. Resp. Exs. 119, 121, 122.

In 2010, petitioner sought post-conviction relief (PCR) *pro se*, asserting several claims of ineffective assistance of trial counsel and appellate counsel. Resp. Ex. 123. The PCR court appointed counsel, an amended PCR petition was filed by PCR counsel, and petitioner submitted additional *pro se* claims. Resp. Exs. 124, 131. The PCR court denied relief on all of petitioner's

claims. Resp. Exs. 145, 146. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Exs. 151, 152.

On January 21, 2014, petitioner filed his Petition for Writ of Habeas Corpus in this Court. ECF No. 2. In his petition, petitioner alleges three grounds for relief, with multiple subclaims contained in each ground. In his Brief in Support of Petition for Writ of Habeas Corpus, petitioner addresses only subclaims B and C in Ground One. Pet'r's Br. 11-14, ECF No. 35.

Respondent moves to deny habeas relief because the PCR court considered and rejected petitioner's claims in a decision that is entitled to deference. With respect to the remaining claims alleged in the petition but not addressed in petitioner's brief, respondent argues petitioner has failed to meet his burden of demonstrating why he is entitled to relief.

## STANDARD OF REVIEW

Under the AEDPA, this court may grant habeas relief only for violations of the Constitution or federal laws or treaties. An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in state court was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" Hibbler v. Benedetti, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 102-03 (2011))

(additional internal quotation omitted). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Id. at 1146 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–06 (2000). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. Id. at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly. Instead, the state court decision must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

The last reasoned decision by the state court is the basis for review by the federal court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). The decision of the state PCR trial court is the basis for review in the instant proceeding.

////

////

////

# DISCUSSION

## I. Ineffective Assistance of Counsel

In Ground One, subclaims B and C, petitioner argues that trial counsel provided ineffective assistance in two different ways: (1) by failing to move to sever the sexual assault counts concerning victim TS from the robbery counts against victim EH; and (2) by failing to call an expert to refute the state's DNA evidence or otherwise challenge the fingerprint evidence. Respondent contends the PCR court's decisions denying the claims are neither contrary to nor unreasonable applications of Supreme Court precedent, are supported by the record, and are entitled to deference. Respondent is correct.

### A. Standards

To establish ineffective assistance of counsel, a petitioner must show both: (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Knowles v. Mirzayance, 556 U.S. 111, 124 (2009). There is a strong presumption that counsel's conduct falls within the "wide range" of reasonable professional assistance. Strickland, 466 U.S. at 689. A defendant is prejudiced by counsel's deficient performance if "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Clark v. Arnold, 769 F.3d 711, 725 (9th Cir. 2014) (quoting Strickland, 466 U.S. at 694). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

Overcoming *Strickland's* high bar is a difficult task. Runningeagle v. Ryan, 686 F.3d 758, 775 (9th Cir. 2012); Padilla v. Kentucky, 559 U.S. 356, 371 (2010). In addressing ineffective assistance claims under § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." Harrington v. Richter, 562 U.S. 86, 101 (2011); Andrade, 538 U.S. at 75 ("The state court's application of clearly established federal law must be objectively unreasonable[,]" not simply "incorrect or erroneous."). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Richter, 562 U.S. at 105 (internal citations and quotations omitted); Mirzayance, 556 U.S. at 123; Gentry v. Sinclair, 705 F.3d 884, 899 (9th Cir. 2012).

**B.  PCR Court Reasonably Applied *Strickland* to Determine That Counsel Was Not Ineffective for Failing to Seek Severance**

Petitioner argues that trial counsel, Daniel C. Lorenz, was ineffective in failing to file a motion to sever the charges against victim EH from victim TS. Petitioner argues that in order to have a fair trial on the robbery allegations against victim EH, it was essential that he have a trial untainted by the sexual assault evidence concerning victim TS. Petitioner contends that because of the inherent prejudice concerning victim TS, trial counsel had a sound basis to seek severance and rendered deficient performance by failing to do so.

In order to prove this claim, petitioner must establish that counsel's failure to file a motion to sever was outside the range of professionally competent assistance. Strickland, 466 U.S. at 690. Under Oregon Revised Statute § 132.560, joinder of criminal charges is appropriate if the offenses are alleged to have been committed by the same person and are "[b]ased on the same act or

8 - OPINION AND ORDER

transaction," or are [b]ased on two or more acts or transactions connected together or constituting a common scheme or plan." Or. Rev. Stat. § 132.560(1)(b); Warren v. Baldwin, 915 P.2d 1016, 1021 (Or. App. 1996). A court may order separate trials of jointly charged offenses if the state or defendant is "substantially prejudiced by the joinder of offenses." Or. Rev. Stat. § 132.560(3). "The mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient" to establish substantial prejudice under § 132.560(3). State v. Luers, 153 P.3d 688, 695 (Or. App. 2007).

The PCR court concluded that the counts were properly joined under state law, and that a motion to sever "would not have been granted." Resp. Ex. 145 at 16. This court takes a state court's determination of state law as true. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Jared v. Nooth, No. 2:12-cv-01241-HZ, 2014 WL 3478172, at *5 (D. Or. July 11, 2014) (denying ineffective assistance of counsel claim where counsel did not attempt to introduce evidence because PCR court determined evidence was inadmissible under state law). Furthermore, an attorney's failure to undertake a futile action is not deficient performance. Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996); see Hernandez v. Harrington, 720 F.Supp. 2d 1161, 1171-72 (C.D. Cal. 2010) (trial counsel not ineffective for failing to file motion to sever where doing so would have been futile); Saldana v. Lockyer, No. CV 08-2210-DMG (MAN), 2013 WL 8559686, at *11 (C.D. Cal. Sept. 30, 2013) (counsel's failure to file a motion to sever was neither deficient performance or prejudicial). Thus, petitioner cannot establish that Mr. Lorenz rendered deficient performance by not seeking to sever the charges involving TS from the charges involving EH. Wildman v. Johnson, 261 F.3d 832,

840 (9th Cir. 2001) (concluding trial counsel was not ineffective for failing to move to sever claims where joinder was proper under Or. Rev. Stat. § 132.560(1)(b)).[1]

Moreover, petitioner makes no effort to show a reasonable probability that filing a motion to sever would have led to a different trial result. Hernandez, 720 F.Supp. 2d at 1171-72 (rejecting ineffective assistance claim where petitioner could not show actual prejudice resulted from counsel's failure to move to sever charges); see also United States v. Rodriguez–Ramirez, 777 F.2d 454, 458 (9th Cir. 1985) (no ineffective assistance of counsel when defendant failed to show severance motion "could have been granted" and he "suffered prejudice as a result of the unsevered trial"). Petitioner was identified by both victims and the Safeway employee, his truck was captured on surveillance video in the shopping center parking lot on the morning of the crimes, and his DNA matched that recovered from the rape victim. Petitioner's unsupported assertions fail to undermine confidence in the outcome of his trial. Accordingly, petitioner has not shown that the PCR court's rejection of this claim was either contrary to, or an unreasonable application of *Strickland*, and habeas relief on Ground One, subclaim B is not warranted.

////

////

////

---

[1] In his Reply, petitioner suggests that I should not defer to the state court's determination of state law where the failure to sever the charges resulted in a deprivation of due process, relying on an out-of-circuit case, Jones v. Cain, 600 F.3d 527, 536 (5th Cir. 2010). Jones is readily distinguishable. Jones involved a challenge to a trial court's evidentiary ruling on Confrontation Clause grounds – a claim exhausted through the appellate process. Id. at 533-34. Unlike Jones, petitioner's argued claims for relief do not involve the Confrontation Clause, or a challenge to the trial court's evidentiary rulings. Moreover, petitioner does not attempt to establish a due process violation. Accordingly, petitioner's fleeting due process argument fails.

### C. The PCR Court Reasonably Applied *Strickland* to Reject Petitioner's Claim That Counsel Should Have Called an Expert to Challenge the State's DNA Evidence

Petitioner argues that trial counsel rendered ineffective assistance by failing to call an expert witness to testify at trial to refute the state's DNA and fingerprint evidence. Petitioner's argument fails for multiple reasons.

First, before the PCR court, Mr. Lorenz presented an affidavit in which he attested that when preparing for petitioner's trial, he hired Intermountain Forensics to examine the DNA results provided by the state. Resp. Exs. 136, 139. Mr. Lorenz further averred that the DNA expert was not called as a witness because the defense expert could not adequately refute the state's DNA evidence. Resp. Ex. 136. Mr. Lorenz attested that there was an error in one of the police reports, and that he challenged the in-court identifications in depth because many of the witnesses were not present on the morning of the crimes. Resp. Ex. 136. The PCR court denied petitioner's claim, finding petitioner did not establish that "any additional witnesses would have helped Petitioner." Resp. Ex. 145.

Second, petitioner has not established that Mr. Lorenz's decision not to call a defense DNA expert fell below an objective standard of reasonableness, especially given that the Intermountain Forensic expert's testimony was not anticipated to provide helpful testimony. Hutchins v. Ryan, No. CV 07-5796-SVW (JEM), 2011 WL 7429398, at *31 (C.D. Cal. Apr. 29, 2011), adopted, 2012 WL 528145 (Feb. 15, 2012) (holding trial counsel made reasonable strategic decision not to call expert to challenge the state's DNA evidence where there was no evidence that defense DNA expert had

conclusions favorable to petitioner). Thus, petitioner has failed to establish that Mr. Lorenz rendered constitutionally deficient performance. Strickland, 466 U.S. at 688; Mirzayance, 556 U.S. at 124.

Third, petitioner has not provided a declaration by any expert setting forth the nature of the testimony he or she would have given if called. "Speculation about what an expert could have said is not enough to establish prejudice." Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997); Hutchins, 2011 WL 7429398, at *31 (finding no prejudice where petitioner failed to show DNA experts' conclusions were favorable or such experts could have been found); see also Wildman, 261 F.3d at 839 (rejecting ineffective assistance claim where petitioner "offered no evidence that an arson expert would have testified on his behalf at trial" and "merely speculate[d] that such an expert could be found"). Petitioner has made no showing that a defense DNA expert could have been found whose testimony would have rebutted the prosecution's DNA expert's testimony that petitioner's DNA was found inside TS's vaginal cavity, or whose testimony would otherwise have supported the defense that someone other than petitioner raped TS.[2] Therefore, petitioner has not demonstrated prejudice. Strickland, 466 U.S. at 689.

In his briefing before me, petitioner contends that Mr. Lorenz failed to provide him with the defense's DNA results or expert reports and that Mr. Lorenz erroneously relied upon memory. Petitioner's arguments are misplaced. Petitioner's wholly unsupported challenge to Mr. Lorenz's

---

[2]The same holds true for petitioner's cursory argument concerning the state's fingerprint evidence. Petitioner has not provided a declaration by any expert setting out the nature of any testimony helpful to petitioner he or she would have given if called. See Grisby, 130 F.3d at 373; see also Weaver v. Palmateer, 455 F.3d 958, 971 (9th Cir. 2006) (petitioner did not show prejudice from counsel's failure to investigate fingerprint evidence linking him to crime because the record did not show that further testing of fingerprint would have yielded a different result).

PCR affidavit fails to establish that the PCR court's rejection of this claim was either an unreasonable determination of the facts in light of the evidence presented, or contrary to *Strickland*.

To be sure, in addition to the DNA evidence, overwhelming evidence linked petitioner to the crimes. TS identified petitioner as her rapist and testified that she was "very sure" of her identification. Tr. 47–48. TS not only identified petitioner visually, but also by voice recording, and she identified items retrieved from inside petitioner's truck. EH positively identified petitioner, as did a Safeway employee. Moreover, surveillance video placed petitioner's truck in the shopping center parking lot the morning of the crimes – the same truck petitioner attempted to sell. In light of this powerful evidence, petitioner's mere speculation that helpful expert forensic witnesses could have been found fails to establish prejudice.

Accordingly, the PCR court's rejection of petitioner's claims is neither contrary to, nor an objectively unreasonable application of *Strickland*, and habeas relief is not warranted on Ground One, subclaim C.

## II.    Unargued Claims

As noted above, petitioner does not provide argument to support the numerous remaining claims alleged in his petition. Additionally, petitioner does not attempt to refute respondent's argument that these claims do not entitle him to habeas corpus relief. Petitioner has failed to sustain his burden of demonstrating why he is entitled to relief on his unargued claims – Ground One, subclaim A, as well as Grounds Two and Three in their entirety. See Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004) (petitioner bears burden of proving his case); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) (same). Consequently, I deny habeas relief on these claims.

### III. Request for Evidentiary Hearing

Finally, petitioner asks the court to conduct an evidentiary hearing in order to challenge Mr. Lorenz's affidavit. However, an evidentiary hearing is not warranted where, as here, "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." Schriro, 550 U.S. at 474; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (citing Schriro with approval); Estrada v. Scribner, 512 F.3d 1227, 1235 (9th Cir. 2008). Accordingly, I DENY petitioner's request for an evidentiary hearing.

### CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (ECF No. 2) is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___15th___ day of OCTOBER, 2015.

    /s/ Garr M. King
Garr M. King
United States District Judge